

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 3, 1948

Hon. Howard Granberry, M.D.
Chairman, State Board of Health
Austin, Texas

                          Opinion No. V-646
                          Re: Authority of State Board
                              of Health to rescind a
                              regulation of State Health
                              Officer.

Dear Dr. Granberry:

      Your opinion request states that in September, 1939, pursuant to Articles 4465A and 4466, the State Health Officer promulgated rules regulating the manufacture of ice cream. On June 1, 1948, he issued revised regulations which provide that:

> "Ice cream is a clean, frozen, dairy product made from cream, milk or milk products, and sugar, with or without a harmless flavoring and with or without eggs or egg products, and contains not less than 8 percent of milk fat and may contain one-half of one percent of harmless stabilizer and shall not contain any fats or oils other than milk fat, and shall weigh not less than 4.5 pounds per gallon."

      There are variations for "fruit ice cream" and "nut ice cream" which are not relevant here.

      On June 14, 1948, the State Board of Health repealed the State Health Officer's regulation of June 1, 1948, and issued the following in its place:

> "All ice cream shall contain not less than 8 percent butter fat and not less than 4 percent vegetable fat if vegetable fat is added, and that all ice cream manufactured, whether under the new process or the old process, shall state on the label just what it contains and the percentage of each."

Your question is:

"Was the action of the State Board
of Health a valid procedure, and if not,
are the regulations issued by the State
Health Officer as of June 1st 1948 the
present official regulations?"

The respective duties of the State Board of
Health (called the Board) and the State Health Officer
are created and defined by Acts of the Legislature.  By
Article 4414a, the State Department of Health consists
of the State Board of Health and the State Health Offi-
cer.

The Health Officer is employed by the Board.
It has the power to remove him for cause after notice
and hearing.  The Board is authorized to investigate
the work of the State Department of Health, and is em-
powered to adopt rules for its own procedure.  Art.
4418a.  The Board is given general supervision and con-
trol "of all matters pertaining to the health of the
citizens of this State."  It is empowered to make stud-
ies, inspections, and investigations.  It is given con-
trol over sanitary and quarantine measures, and has many
similar powers.  Arts. 4419-4421.  But it is nowhere au-
thorized to promulgate rules such as are here involved,
nor to repeal any regulation duly issued by the Health
Officer.

The Health Officer, on the other hand, is ex-
pressly empowered by the Legislature with rule making
power.  Thus Article 4466 provides that he shall:

"Make, publish and enforce rules con-
sistent with this law, and adopt standards
for foods, food products, beverages, drugs,
etc. . . ."

By way of contrast, with reference to the in-
ternal management of the Department, Article 4418d pro-
vides that:

"He (the Health Officer) shall have
the power, with the approval of the State
Board of Health, to prescribe and promul-
gate such administrative rules and regu-
lations . . . as may be deemed necessary
for the effective performance of the duties

imposed by this or any other law upon the
State Department of Health and its sever-
al officers and divisions."

You are therefore respectfully advised that
under the respective powers given by the Legislature,
the Health Officer is authorized to promulgate rules
and adopt standards for food and food products.  The
State Board is not authorized to repeal such regula-
tions or to promulgate its order of June 14, 1948.  As-
suming that the regulations of the Health Officer of
June 1, 1948, are in other respects valid, they consti-
tute the present official regulations on the subject.

<u>SUMMARY</u>

The State Board of Health is not em-
powered to repeal a health regulation of
the State Health Officer duly issued un-
der Article 4466.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

ATTORNEY GENERAL